UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED BANK, a Virginia corporation<br>2071 Chain Bridge Road<br>Vienna, Virginia 22182 | :<br>:<br>: |
| Plaintiff | : |
| Vs. | :   Civil No. _____ |
| VICTOR M. PINZON<br>930 M Street, N.W. #609<br>Washington, D.C. 20001 | :<br>:<br>: |
| and | : |
| AMERICA'S GLOBAL FOUNDATION, INC.,<br>a Florida corporation<br>SERVE:  Victor M. Pinzon, officer<br>             930 M Street, N.W. #609<br>             Washington, D.C. 20001 | :<br>:<br>:<br>:<br>: |
| Defendants | |

**COMPLAINT**
**(Breach of Contract of Deposit, Statutory Liability and**
**Action to Pierce Corporate Veil)**

1. Jurisdiction is founded on 28 U.S.C. section 1334, the Plaintiff being a Virginia corporation, Defendant Pinzon being a resident and citizen of the District of Columbia, Defendant America's being a Florida corporation with its principal place of business other than in the Commonwealth of Virginia, and the amount in controversy being in excess of $75,000.00, exclusive of interest and costs.

2. The Plaintiff is a banking institution with branch offices located in the District of Columbia.

3. Upon information and belief, Defendant America's is a non-stock Florida corporation; it is not qualified to transact business in the District of Columbia but apparently does so on a regular basis. Defendant Pinzon is its president and a director and appears to be the only individual active in the affairs of Defendant America's. On November 2, 2005 Defendant America's, by Defendant Pinzon, opened a checking account, no. 006964-1082, with the Plaintiff at one of its branch offices located in the District of Columbia and agreed to the Plaintiff's "Terms and Conditions" relating to checking accounts, including that the account depositor will be responsible for all overdrafts on the account and for attorney's fees in the event of collection. Defendant Pinzon was the sole signatory as to this account.

4. On November 15, 2005 Defendant America's made its first and only deposit to this account, a purported $78,650.09 check drawn on a Canadian bank. On December 5, 2005, at Defendant America's direction per Defendant Pinzon, $70,785.09 was wired from this account to an account at a bank in Japan. On December 4, 2005 Defendant America's, per Defendant Pinzon, drew a check on this account in the amount of $1520.00 to pay the rent for his apartment. On December 5, 2005 Defendant America's, per Defendant Pinzon, drew two checks on this account, one for $5,000.00 to himself, and another, for $60.74, to pay his telephone bill.

5. The purported $78,650.09 incoming check proved to be counterfeit, and was charged back to the Plaintiff and debited to account no. 006964-1082 on December 19, 2005, resulting in an overdraft of $76,942.00. Defendant Pinzon has represented to the Plaintiff that he had been approached by a stranger who purported to have a need to have the $78,650.09 cashed and who offered to make a contribution to Defendant America's of

10% of the check amount in exchange for the deposit and wire transfer forwarding of the remaining 90% of the check amount per certain directions.

6. Since February 17, 2005 Defendant America's, by Defendant Pinzon, has maintained another checking account with the Plaintiff, no. 006963-9714. The Defendants routinely paid, from this account, a varying portion of Defendant Pinzon's apartment rent, ranging from $320.00 per month to $1,520.00 per month, as well as Defendant Pinzon's monthly telephone bills, and certain of his VISA credit card bills and medical bills.

7. Defendant Pinzon also has a checking account in his own name with the Plaintiff, account no. 006963-9706. Defendant Pinzon paid certain expenses on behalf of Defendant America's from this account and, upon information and belief, deposited money belonging to Defendant America's into this account.

Count I
(Breach of Contract against Defendant America's)

8. The allegations of paragraphs 1 through 7 are re-stated.

WHEREFORE, the premises considered, the Plaintiff asks judgment against Defendant America's in the amount of $76,942.00, plus costs, interest from December 19, 2005, and attorney's fees

Count II
(Statutory Liability against Defendant America's)

9. The allegations of paragraphs 1 through 7 are re-stated.

10. The overdraft transaction is governed by UCC section 4-401, D.C. Code section 28:4-401.

WHEREFORE, the premises considered, the Plaintiff asks judgment against Defendant America's in the amount of $76,942.00, plus costs, interest from December 19, 2005, and attorney's fees.

Count III
(Piercing Corporate Veil against Defendant Pinzon)

11.  The allegations of paragraphs 1 through 7 are re-stated.

12.  The facts present are a sufficient basis to pierce the corporate veil as to Defendant America's and visit the subject corporate obligations upon Defendant Pinzon.

WHEREFORE, the premises considered, the Plaintiff asks judgment against Defendant Pinzon in the amount of $76,942.00, plus costs, interest from December 19, 2005, and attorney's fees.

/s/Julian Karpoff
Julian Karpoff
Attorney for Plaintiff
Karpoff & Title
P.O. Box 990
Arlington, Virginia  22216
703-841-9600  Bar #156760

744:12