UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
UNITED BANK,                           )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        Civil Action No. 06-0753   (PLF)
                                       )
VICTOR M. PINZON, et al.,              )
                                       )
                Defendants.            )
_____)

ORDER

        This matter is before the Court on defendant Victor M. Pinzon's motion seeking

court-appointed counsel for himself and for his co-defendant, America's Global Foundation, a

Florida Corporation. Pinzon reports that defendants "have been trying but are financially unable

to hire an attorney to properly represent their rights in this case."

        Parties in civil cases generally do not have a constitutional or statutory right to

counsel.  See Willis v. F.B.I., 274 F.3d 531, 532-33 (D.C. Cir. 2001); Ray v. Robinson, 640

F.2d 474, 477 (3d Cir. 1981).  If a party is proceeding in forma pauperis, the court is authorized

to appoint counsel under 28 U.S.C. § 1915(e)(1), but is not obliged to do so.  In deciding whether

to appoint counsel, the Court must consider: (a) the nature and complexity of the action; (b) the

potential merit of the pro se party's claims; (c) the demonstrated inability of the pro se party to

retain counsel by other means; and (d) the degree to which the interests of justice will be served

by appointment of counsel, including the benefit the Court may derive from the assistance of

appointed counsel.  See LCvR 83.11(b)(3).

Defendant has not filed an application to proceed in this Court *in forma pauperis*. His motion also does not set forth his efforts to secure counsel by other means. Before the Court may consider appointing counsel, defendant must file an application to proceed *in forma pauperis*, as well as an affidavit or declaration describing his prior efforts to obtain counsel.

Defendant should be aware, however, that the resources of the civil *pro bono* panel are extremely limited; that counsel are appointed for civil litigants only in a very small percentage of cases; and that even if defendant is financially eligible and unable to obtain counsel by other means, it is unlikely that counsel will be appointed for him. The Court will not in any event appoint counsel for America's Global Foundation, because, as the Court stated in its Order of June 5, 2006, a corporation is not a "person" eligible for court-appointed counsel under 28 U.S.C. § 1915 and the Rules of this Court. See Rowland v. California Men's Colony, 506 U.S. 194, 196 (1992); LCvR 83.11(a)(3).

Accordingly, it is hereby

ORDERED that [5] Defendant's Motion Requesting Court to Appoint Counsel is DENIED as it pertains to America's Global Foundation; it is

FURTHER ORDERED that, on or before July 14, 2006, defendant shall complete and file with the Court an Application to Proceed Without Prepayment of Fees under 28 U.S.C. § 1915, using the form attached hereto. Defendant also shall file an affidavit or declaration describing in detail his efforts to obtain counsel by other means; and it is

2

FURTHER ORDERED that [7] Defendant's Motion for Extension of Additional Time to File Answer to Complaint is GRANTED.  Defendant Pinzon shall file his response to the complaint by July 15, 2006.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 29, 2006