UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED BANK, a Virginia corporation, | : | |
| Plaintiff | : | |
| Vs. | : | Civil No. 1:06CV00753 |
| | | Judge Friedman |
| VICTOR M. PINZON | : | |
| and | : | |
| AMERICA'S GLOBAL FOUNDATION, INC., a Florida corporation, | : | |
| | : | |
| Defendants | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT PINZON'S DOCUMENT 9 MOTION TO PROCEED *IN FORMA PAUPERIS* AND DOCUMENT 11 MOTION FOR EXTENSION OF TIME TO FILE ANSWER TO COMPLAINT, AND DOCUMENT 10 "FRIEND OF THE COURT'S MOTION TO HOLD TIME TO FILE ANSWER TO COMPLAINT"**

1.  Relative to Defendant Pinzon's Document 9 Motion to Proceed *In Forma Pauperis*, the Plaintiff notes that Defendant Pinzon apparently maintained, at least as recently as August 30, 2005, an apparent brokerage account with Smith Barney, per the attached document copy. This might conflict with paragraph number 5 of Defendant Pinzon's Declaration to Proceed Without Prepayment of Fees (attached to the Document 9 Motion). Also, the Plaintiff denies that it "erroneously handled this unfortunate situation," per section 3 of this Motion.

2.  Relative to Defendant Pinzon's Document 11 Motion for Extension of Time to File Answer to Complaint, the Plaintiff has no objection.

3.  Relative to the Document 10 "Friend of the Court's Motion to Hold Time to File Answer to Complaint," this Motion and the relief it requests are a thinly veiled

attempt to circumvent and thwart the Court's May 19, 2006 Order (Document 4), in which the Court noted that "Pinzon …may not represent AGF in this Court and may not make filings on its behalf." Defendant may not style himself a "friend of the Court," and then proceed to do what the Court has expressly prohibited him from doing just two months prior. Also, the relief sought, that the action against Defendant AGF be effectively stayed while Defendant Pinzon litigates its supposed exoneration, effectively places Defendant Pinzon in the position of representing Defendant AGF. If, at the end of the day, Defendant Pinzon loses, will Defendant AGF be bound thereby, or may it then be heard to raise defenses not contemplated by Defendant Pinzon? Can Defendant Pinzon, a non-lawyer, commit Defendant AGF to a litigation strategy before the Court? Defendant Pinzon's assertion that the Plaintiff "will not negatively be affected" also overlooks the Plaintiff's entitlement to discovery from Defendant AGF; who does Defendant Pinzon suppose will handle Defendant AGF's litigation obligations under his concepts of civil procedure? Perhaps Defendant Pinzon, as a non-lawyer, can not be expected to appreciate these nuances, but that is just the reason underlying the rule that non-lawyers may not represent parties other than themselves.

4. Further, despite this Motion's representation, the due date for Defendant AGF's answer is clear. Per the Court's May 19, 2006 (Document 4), that due date was June 15, 2006. While Defendant Pinzon's June 14, 2006 Motion (Document 7) sought a further extension on behalf of himself and Defendant AGF, despite the Court's May 19, 2006 Order (discussed above), the Court did not address Defendant Pinzon's request on behalf of Defendant AGF in its June 29, 2006 Order (Document 8). Accordingly, the

June 15, 2006 date remained operative as to Defendant AGF.  Finally, the Plaintiff denies that it "erroneously handled this unfortunate situation," per paragraph 4 of this Motion.

  5. In sum, Defendant Pinzon's Document 9 Motion to Proceed *In Forma Pauperis* and the Document 10 "Friend of the Court's Motion to Hold Time to File Answer to Complaint, this Motion should be denied.

              /s/Julian Karpoff
              Julian Karpoff
              Attorney for Plaintiff
              Karpoff & Title
              P.O. Box 990
              Arlington, Virginia  22216
              703-841-9600  Bar #156760

762:28