UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED BANK, a Virginia corporation, : | |
| Plaintiff : | |
| Vs. : | Civil No. 1:06CV00753 |
| VICTOR M. PINZON : | Judge Friedman |
| and : | |
| AMERICA'S GLOBAL FOUNDATION, INC., a Florida corporation, : | |
| Defendants : | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR RELATED RELIEF

COMES NOW, the Plaintiff, by Counsel, and moves this Honorable Court for an Order: (1) compelling the Defendants response to the Plaintiff's outstanding First Discovery to Defendants, (2) compelling Defendant America's Global Foundation, Inc. ("Foundation") to produce its Directors Anne Freedman, Edward W. Reyes, Norman Wear, and Louis Barcelo for deposition, (3) directing that depositions of out-of-town witnesses may be taken by telephone, and (4) extending the close of discovery to facilitate these matters. In support of this Motion the Plaintiff respectfully represents as follows:

1. Plaintiff's First Discovery to Defendants was duly served December 19, 2006. To the date hereof no response has been had. This Discovery, copy attached, requested the contact information for the Defendant Foundation's Directors.

2. Plaintiff's Notice of Depositions, copy also attached, was also delivered to Defendants' Counsel, along with a proposed Stipulation as to telephone depositions of out-of-town witnesses (which was understood to have been agreed to in a telephone conference). In response Plaintiff's Counsel received a voicemail message indicating that no Directors of the Defendant Foundation will be produced for deposition. The proposed Stipulation has not been returned.

3. Counsel for the parties discussed these issues in a telephone conference on February 1, 2007 and Plaintiff's Counsel understands that the corporate Defendant will not produce any Directors (other than Defendant Pinzon) for deposition and the Defendants will not consent to deposition of out-of-town witnesses by telephone. Plaintiff's Counsel understands that the Defendants' Counsel vaguely agreed to have the Defendants' responses to the Plaintiff's December 19 discovery at the deposition of Defendant Pinzon (scheduled for February 6, 2007) and that the Defendants' consent to an extension of discovery. Plaintiff's Counsel understands that this Motion is opposed to the extent of the production of the Defendant Foundation's Directors (other than Mr. Pinzon) and as to the use of telephone depositions as to out-of-town witnesses.

        /s/Julian Karpoff_____
        Julian Karpoff
        Attorney for Plaintiff
        Karpoff & Title
        P.O. Box 990
        Arlington, Virginia 22216
        703-841-9600 Bar #156760
        Captainkarpoff@rcn.com

798:31

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED BANK, a Virginia corporation, | : |
| Plaintiff | : |
| Vs. | :    Civil No. 1:06CV00753 |
| |              Judge Friedman |
| VICTOR M. PINZON | : |
| and | : |
| AMERICA'S GLOBAL FOUNDATION, INC., a Florida corporation, | : |
| Defendants | : |

### POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR RELATED RELIEF

1. FRCP 37.

2. FRCP 30(b)(7).

3. Notwithstanding the "new" procedure provided by FRCP 30(b)(6)/ per the 1970 amendment, a party who wishes to depose a specific officer, director or managing agent of a corporation may still obtain such depositions by specifying those persons in a notice of deposition. Wright & Miller, section 2103, text at notes 16-20; Founding Church of Scientology v. Webster, 802 F.2d 1448, 1451 (D.C. Cir., 1986). Per the referenced section of Wright & Miller, "a corporation is responsible for producing its officers, managing agents, and directors if notice is given."

4. The Plaintiff, in the instant Notice of Depositions, invoked both the new procedure of FRCP 30(b)(6) and the former procedure. Also, the Plaintiff sought by

interrogatory to identify the Defendant Foundation's Directors' addresses to serve subpoenas, if nothing else worked.

     5.  The testimony of the Defendant Foundation's Directors – who are identified in a filing by the Defendant Foundation with the Florida Department of State – relates to piercing the corporate veil per Count III of the Complaint and to the authority, vel non, of Defendant Pinzon in entering into the subject check transaction.

     6.  The Defendants have stymied the Plaintiff's efforts to depose these Directors on all fronts.

                                     /s/Julian Karpoff  
                                       Julian Karpoff  
                                       Attorney for Plaintiff  
                                       Karpoff & Title  
                                       P.O. Box 990  
                                       Arlington, Virginia  22216  
                                       703-841-9600  Bar #156760  
                                       Captainkarpoff@rcn.com

798:31

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED BANK, a Virginia corporation, | : |
| Plaintiff | : |
| Vs. | : Civil No. 1:06CV00753 |
| VICTOR M. PINZON | Judge Friedman |
| | : |
| and | : |
| AMERICA'S GLOBAL FOUNDATION, INC., a Florida corporation, | : |
| Defendants | : |

**ORDER**

NOW, upon consideration of the Plaintiff's Motion to Compel Discovery, Etc., and the Defendants' Opposition, it is, hereby, by the Court, ORDERED, (1) that the Defendants shall respond to the Plaintiff's outstanding First Discovery to Defendants within ____ days, (2) that Defendant America's Global Foundation, Inc. ("Foundation") shall produce its Directors Anne Freedman, Edward W. Reyes, Norman Wear, and Louis Barcelo for deposition, (3) that depositions of out-of-town witnesses may be taken by telephone, and (4) that the close of discovery is extended ___ days to facilitate these matters.

_____
U.S. DISTRICT JUDGE

Date: _____

copies:
Julian Karpoff
Karpoff & Title
P.O. Box 990

Arlington, Virginia  22216

Jacob A. Stein, Esq.
Stein, Mitchell & Mezines
1100 Connecticut Av., N.W., Suite 1100
Washington, D.C. 20036